JOSEPH K. EBERT et al., complainants-respondents,

*v.*

JOHN A. GIVAS and BELMAR NATATORIUM, INCORPORATED, defendants-appellants.

[Submitted October 27th, 1933.   Decided January 5th, 1934.]

*Mr. James F. X. O'Brien,* for the appellants.

*Mr. Herbert A. Kuvin,* for the respondents.

PER CURIAM.

The case is an aftermath of a former litigation between the same parties.  See *109 N. J. Eq. 495.*  The claim in that case

was that the assignment of a lease by Givas to Belmar Natatorium was a fraud; or perhaps more accurately, that Givas had procured the lease to himself by fraud. The court of chancery so found, and decreed that the lease be delivered up for cancellation. On appeal, there was a reversal, *ubi supra*.

. The present appeal is from an order dated July 5th, 1933, in a second suit, directing the defendants Givas and Belmar Natatorium to deposit with the clerk in chancery the rents then due under the lease, and rentals to become due as they accrue.

This second suit was begun by a bill which was verified May 12th, 1932 (date of filing not stated), followed by an amended bill, apparently not verified, date of filing not stated, but said in respondents' brief to be February 20th, 1933. To this is annexed a copy of the voluminous lease. The prayer, shortly stated, is that such proportion of stock in Belmar Natatorium as complainants are entitled to be adjudged to them, or in the alternative, that the lease be assigned to complainant Belmar Swimming Pool Corporation and that stock in that corporation to the proper amount be issued to the Eberts. Further, that moneys expended by the Eberts on the pool be declared a "debt" due from the corporation to be secured by assignment to them of the lease. Finally, a prayer for general relief, received if necessary, and injunction against transferring or encumbering the title.

Several months later, on June 27th, 1933, complainants filed a petition stating the filing of the original and amended bills, pleading certain stipulations in the lease, charging that defendants are in possession without having paid any taxes or assessments or rent, and praying that they be compelled to pay such taxes and assessments to the proper municipal authorities, and pay the rent either to the clerk or to a receiver to be appointed. The order appealed from followed the hearing of an order to. show cause based on this petition.

The petition of appeal states several reasons for reversal, but we think it unnecessary to consider them in detail. That there is a lease, that defendants are, or one of them, is in possession under it, that rent, taxes, &c., are running, are either

admitted or indubitable facts. The Eberts, named therein as landlords, appear disinclined to figure in this cause as such, perhaps fearing that this will prejudice the claim that their corporation, the Belmar Swimming Pool (whose stock they doubtlessly control), is the proper proprietor, instead of Givas' corporation, the Natatorium, whose stock he controls. Perhaps there are other phases of the dispute. But the order under appeal does not pretend to determine any of these. Obviously what appealed to the vice-chancellor was the fact that some one, in possession and claiming under the lease, ought to pay the rent and other charges. He might have appointed a receiver, and properly. Doubtless to save expense he directed the rents to be paid into court. Some one necessarily is entitled to them; but there is no finding whatever on that point, which remains to be settled at the final hearing. Meanwhile, no one is injured, and the party entitled is benefited, by the payment of the rents as they accrue.

As to rent being recoverable at law, the answer is that if a receiver were appointed the order would normally and properly direct payment of rent to him, and here the clerk is merely a receiver in another form.

The order will be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, DILL, JJ. 15.

*For reversal*—None.